# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOB KRIST, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-6178 |
| | : | |
| PEARSON EDUCATION, INC., | : | |
| Defendant. | : | |

MCHUGH, J.                                                                                                   APRIL 12, 2017

## MEMORANDUM

This is a copyright infringement action in which the principal issue before me is whether the defendant may invoke, as the basis for a motion to transfer, a forum selection clause in contracts to which the plaintiff is not a party. I conclude that the answer is no—particularly since the plaintiff has not asserted any claims for breach of contract, but has limited himself to the protections of the federal Copyright Act.

Bob Krist, a Bucks County professional photographer, has sued the educational-textbook publisher Pearson Education, Inc., for one count of copyright infringement embracing 359 separate claims. Krist's theory for each claim is that although Pearson had licenses for Krist's photographs, it used them in ways those licenses did not authorize. Only seven claims, however, involve licenses Krist issued directly to Pearson. The remaining 352 involve licenses that Krist first issued to the stock photography agency Corbis Corporation, under agreements allowing Corbis to sublicense Krist's photographs to third parties. Pearson, which has long had agreements with Corbis allowing it to use Corbis photographs, was one such third party. Pearson both accessed and used Krist's photographs under the terms of the Pearson–Corbis contracts—until, as Krist claims here, it began using them outside the terms of those contracts. Pearson now

1

moves under 28 U.S.C. § 1404(a) to transfer venue to the Southern District of New York, relying on the following forum selection clause in the Pearson–Corbis agreements:

> **Choice of Law / Jurisdiction / Attorneys' Fees:** Any dispute regarding this Agreement shall be governed by the laws of the State of New York and Titles 15, 17, and 35 of the U.S.C., as amended, and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, USA, regardless of conflicts of laws.

It is undisputed that Krist was not a party to those agreements, but Pearson argues he should nonetheless be bound by their terms.[1]

I start with two default premises. First, "a plaintiff's choice of forum should rarely be disturbed." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981); *accord Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Second, where the plaintiff has chosen his home forum, that choice is "entitled to greater deference." *Piper*, 454 U.S. at 255 (citing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). To be sure, the "calculus changes . . . when the parties' contract contains a valid forum-selection clause." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581 (2013). If such a clause exists, barring "extraordinary circumstances," the court should ordinarily enforce the clause and transfer the case. *Id.* But before placing *Atlantic Marine*'s heavy thumb on the scale, there must exist a contract between the parties—or, in lieu of that, some reason why a nonparty to the contract should nevertheless be bound by it.

Pearson advances three reasons why Krist should be bound by the Pearson–Corbis contracts. First, Krist has brought suit based on the licenses granted in those contracts. Second, Krist is both closely related to and a beneficiary of the contracts. And finally, Krist authorized Corbis to act as his agent in entering into the contracts. Pearson claims these factors, either

---

[1] This was an issue I did not need to reach in *Eastcott v. McGraw–Hill Global Education Holdings, LLC*, No. 16-904, 2016 WL 3959076 (E.D. Pa. July 22, 2016). *See id.* at *2 n.2.

2

individually or in combination, place the contracts at the heart of this case—and since those contracts provide that any dispute "regarding" them must be litigated in New York, I must transfer the case there.

Though Pearson raises colorable arguments, I am not persuaded to enforce the forum selection clause against Krist.[2] Significantly, Krist has not asserted any rights under the contracts, making some of the cases on which Pearson relies readily distinguishable. *See Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 13-2378, 2014 WL 716723 (E.D. Pa. Feb. 25, 2014) (Slomsky, J.); *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-1662, 2013 WL 4079923 (E.D. Pa. Aug. 13, 2013) (Baylson, J.); *Lefkowitz v. McGraw–Hill Cos.*, No. 13-1661, 2013 WL 3061549 (E.D. Pa. June 19, 2013) (Schiller, J.). In those cases, where the Corbis clause was enforced against nonsignatory plaintiffs, my colleagues put special emphasis on the fact that the plaintiffs sued as beneficiaries of the contracts; there is an inherent unfairness in allowing a nonparty to a contract to sue under it without being held to its terms.

---

[2] There is a threshold question unaddressed by the parties: What law applies? It is true that federal law, specifically § 1404(a), governs my decision of whether and how to give effect to a valid forum selection clause. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). But the step before that requires interpreting the clause to determine whether it even applies to a nonsignatory. Since the "question of the scope of a forum selection clause is one of contract interpretation," *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997) (Alito, J.), this would seem to be an issue of state law—something all the more true because the Pearson–Corbis contracts specify that they shall be interpreted under New York law. And looking to state law makes good sense, given that "[t]he interpretation of forum selection clauses in commercial contracts is not an area of law that ordinarily requires federal courts to create substantive law." *Gen. Eng'g Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 357 (3d Cir. 1986); *see also Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218–19 (3d Cir. 2015) (applying Delaware law to interpret the scope of a forum selection clause in a Delaware contract).

Here, because both Pearson and Krist have briefed this motion on general contract law principles and rely primarily on federal cases, I will follow their lead. *Cf. Wyeth*, 119 F.3d at 1074 (applying general principles to an English contract where the "parties . . . ma[d]e little reference to English contract law"). But these are New York contracts, meaning "questions of New York law are likely to be relevant to the[ir] interpretation." Pearson Br. 12. So, where appropriate, I also rely on New York law.

3

This case, however, features only copyright claims. And though the Third Circuit has cautioned that "pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause *if the claims asserted arise out of the contractual relation* and implicate the contract's terms," *Crescent Int'l, Inc. v. Avatar Cmtys., Inc.*, 857 F.2d 943, 944 (3d Cir. 1988) (per curiam) (emphasis added), that rule has no applicability where there is no contract between the parties.[3]

I take Pearson's point that this case will involve *consideration* of the Corbis–Pearson contracts, because Krist claims they did not authorize Pearson's uses of his photographs. So in one sense, it can be said that this suit, though brought in copyright, does "regard[]" the contracts.[4] But that matter is distinct from whether Krist is bound by a forum selection clause in contracts he did not sign. In this respect, it is notable that though the *choice of law* clause broadly provides that "[a]ny dispute regarding this Agreement" shall be governed by New York (and relevant federal) law, the *forum selection* clause begins with: "the parties agree." It is indisputable that Krist was not a party and did not so agree.

Pearson also claims that Krist is closely related to, and a beneficiary of, the contracts, making him bound. Both concepts have been applied as exceptions to the general rule that a contract only binds its parties. *See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d

---

[3] Similarly, another case cited by Pearson, *Gordon v. Houghton Mifflin Harcourt Publishing Co.*, No. 14-4703, 2015 WL 3871788 (E.D. Pa. June 23, 2015) (Restrepo, J.), has little to offer here, as the forum selection clause there was in a contract signed by both parties.

[4] Pearson also argues that a forum selection clause that applies to disputes that "regard" or "relate to" the underlying contract (versus a clause that uses language like "arise out of") should be read broadly. *See, e.g.*, *Flanagan v. Prudential–Bache Sec.*, 495 N.E.2d 345, 350 (N.Y. 1986). This argument has not always prevailed in cases involving the Corbis clauses. *See, e.g.*, *Steinmetz v. McGraw–Hill Global Educ. Holdings, LLC*, ___ F. Supp. 3d ___, No. 15-6600, 2016 WL 7048951, at *6–7 (E.D. Pa. Dec. 5, 2016); *Light v. Taylor*, No. 05-5003, 2007 WL 274798, at *6 (S.D.N.Y. Jan. 29, 2007), *aff'd*, 317 F. App'x 82 (2d Cir. 2009). Though in an analogous context the Third Circuit has read a similar clause to apply where the underlying contract would serve not as a claim but as a defense, *see Wyeth*, 119 F.3d at 1074–75, I do not find that controlling here.

4

190, 202–03 (3d Cir. 1983), *abrogated on other grounds by Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989); *Freeford Ltd. v. Pendleton*, 857 N.Y.S.2d 62, 67 (App. Div. 2008). But the cases on which Pearson primarily relies, *Synthes, Inc. v. Emerge Med., Inc.*, 887 F. Supp. 2d 598 (E.D. Pa. 2012) (Buckwalter, J.); *Greenfish II, L.P., ex rel. Purplefish, LLC v. Int'l Portfolio*, No. 11-7628, 2012 WL 3024759 (E.D. Pa. July 24, 2012) (Goldberg, J.); *First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Balt., Inc.*, No. 11-5821, 2012 WL 1150131 (E.D. Pa. Apr. 5, 2012) (Baylson, J.); *Affiliated Mortg. Prot., LLC v. Tareen*, No. 06-4908, 2007 WL 203947 (D.N.J. Jan. 24, 2007), all share a crucial difference from this one: the nonsignatories there were defendants who allegedly either interfered with (as in *Synthes*, *First Financial*, and *Affiliated Mortgage*), or made misrepresentations to induce entering into (as in *Greenfish*), contracts with forum selection clauses. Each case centered on some mix of claims for breach of contract, fraud, or tortious interference. With such allegations, those courts found it reasonable to hold nonsignatory defendants to the contracts' forum selection clauses. But this case is different: Krist, the plaintiff, brings only copyright claims, and Pearson alleges no wrongful conduct on his part.

Finally, Pearson argues the clause is enforceable against Krist because Corbis entered into the contracts with Pearson as Krist's agent. Other courts have found (or at least assumed) that Corbis representation agreements like those here have created principal–agent relationships. *See Yamashita v. Scholastic, Inc.*, No. 16-3839, 2016 WL 6897781, at *2 (D.N.J. Nov. 21, 2016); *Sohm v. McGraw–Hill Global Educ. Holdings, LLC*, No. 16-1316, slip op. at 5 (C.D. Cal. June 6, 2016) (Dkt. 45-1). But I find that Corbis and Krist did not enter into such a relationship, because the representation agreements between them did not give Krist continued control or direction over Corbis.

5

The Restatement (Second) of Agency—which New York courts appear to follow, *see, e.g.*, *Sokoloff v. Harriman Estates Dev. Corp.*, 754 N.E.2d 184, 188–89 (N.Y. 2001)—makes clear that a principal–agent relationship "depends upon . . . the understanding of the parties that the principal is to be in control of the undertaking." § 1 cmt. (1)b (Am. Law Inst. 1958). Such a relationship therefore is created "only if . . . the fiduciary is subject to the directions of the one on whose account he acts." *Id.* Indeed, "[i]t is the element of continuous subjection to the will of the principal which distinguishes the agent from other fiduciaries[.]" *Id.* So while in certain circumstances an independent contractor—that is, a "person[] who contract[s] to do something for another but who [is] not [a] servant[]"—may be an agent, the threshold question remains whether that contractor cedes "direction over the conduct of the work." *Id.* § 2 cmt. b. If he does not, he is not an agent—and so he "has no power to make the one employing him a party to a transaction." *Id.*

On this the Corbis–Krist agreements were clear: Krist did not retain continued control or direction over Corbis.[5] Those agreements provided: "Corbis may accept or reject submitted Content for representation under this Agreement in its sole discretion" (§ 1), and "Corbis may determine at our sole discretion the terms and conditions of any license, marketing, or distribution of your Accepted Content" (§ 8). This level of latitude given to Corbis—and the lack of continued control or direction by Krist that it necessarily implies—undercuts any claim that these agreements created a principal–agent relationship, at least insofar as they gave Corbis the ability to bind Krist to the Pearson–Corbis contracts. This conclusion finds further support in a separate clause (§ 17) in the Corbis–Krist agreements that granted Corbis authority to act as

---

[5] It is true, as Pearson points out, that the sample Corbis-Krist agreement that Krist attaches to his opposition (Dkt. 13-1 Ex. 1) was signed in 2013, whereas Krist's claims here involve photographs he licensed to Corbis between 2005 and 2012. But the 2013 agreement appears to be a standard Corbis contract: the bottom corner of it reads "Version: March 2009."

6

Krist's agent for the limited "purpose of making [certain] settlements and collections." Because contracts should generally be interpreted to avoid surplusage, *see In re Viking Pump, Inc.*, 52 N.E.3d 1144, 1151 (N.Y. 2016), § 17 would have been unnecessary if the agreements had created an agency relationship as a general rule.

Ultimately, Pearson, as the moving party, has not persuaded me that the forum selection clause is enforceable against Krist. Even though this is a case where reasonable minds could differ,[6] I have not been given a sufficient reason to hold Krist to a clause in contracts he never signed—especially since "in New York, an ambiguous contract usually is construed most strongly against the drafter when the other party has had no voice in the preparation," *Hatco Corp. v. W.R. Grace & Co.–Conn.*, 59 F.3d 400, 406 (3d Cir. 1995) (citing *Jacobson v. Sassower*, 489 N.E.2d 1283, 1284 (N.Y. 1985)). This remains a case brought in copyright, not contract. Krist is not obligated to assert every claim the law allows, and Pearson is not entitled to litigate a case that Krist did not bring.

With the forum selection clause—and *Atlantic Marine*'s presumption of transfer—set aside, I rather easily conclude that Pearson's motion to transfer will be denied. None of the factors set forth in § 1404(a) (the convenience of parties or witnesses, or the interests of justice), as expanded upon in *Jumara*, favors transfer. Indeed, Pearson has made no affirmative argument for transfer other than the forum selection clause. An appropriate order follows.

/s/ Gerald Austin McHugh<br>United States District Judge

---

[6] Members of this Court are divided on this precise issue. In virtually identical cases, Judge Slomsky has enforced the clause against a nonsignatory, *see Keller v. McGraw–Hill Global Educ. Holding, LLC*, No. 16-1778, 2016 WL 4035613 (E.D. Pa. July 28, 2016), while Judge Robreno has not, *see Steinmetz*, 2016 WL 7048951.